IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTIAN L. LINDBLAD, )
         Plaintiff(s), )   No. C 09-3839 CRB (PR)
  vs. )   ORDER OF DISMISSAL WITH
          )   LEAVE TO AMEND
A. HEDGPETH, Warden, )
         Defendant(s). )

Plaintiff, a prisoner at Pleasant Valley State Prison (PVSP), has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging improper medical care while he was incarcerated at Salinas Valley State Prison (SVSP). Plaintiff specifically alleges that SVSP medical staff ignored his adverse allergic reaction to antibiotics until he had to be rushed to the hospital and, weeks later, ignored his severe pain and vomiting until again he had to be rushed to the hospital and have his gall bladder removed. Plaintiff only names SVSP Warden Hedgpeth as a defendant.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In order to state a claim for damages for deliberate indifference to serious medical needs under § 1983, plaintiff must name individual defendants and allege how each of them actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be afforded an opportunity to do so.

SVSP Warden Hedgpeth cannot be liable under § 1983 solely on the theory that he were responsible for the actions or omissions of his employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

/

/

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  March 11, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Lindblad, C1.dwlta.wpd

3